CASE 85—CONTRIBUTION—JANUARY 24, 1885.

## Stubbins v. Mitchell.

82 535
f102 223

APPEAL FROM WARREN CIR. UIT COURT.

1. As between sureties, a discharge of their joint obligation by the acceptance in lieu of it, by the holder, of the promissory note of one of them, is equivalent to a payment of money therefor in the meaning of the statute.
2. Although a sale is set aside upon the ground that more property was sold than was necessary, still the execution lien exists.

B. F. PROCTOR AND E. W. HINES FOR APPELLANT.

1. A co-surety who has executed his individual note in discharge of the common obligation, and has afterward received and accepted his note as a present from the creditor, can not demand contribution from his co-surety.

2. It is well settled that contribution is founded not upon contract, but upon principles of equity.

3. Not only has appellee lost nothing, but he is actually the gainer by reason of his suretyship to the extent of $1,600, which he has already recovered from his principal. (Pomeroy's Eq., sections 411, 1448; Story's Eq., section 393; Wait's Actions and Defenses, volume 5, 221; 2 Dana, 296; DeColyar on Guarantees, 339; 6 Dana, 101; 2 B. Mon., 348; 3 J. J. Mar., 590; 4 Ib., 517; 12 Gill & J., 37–52; 7 J. J. Mar., 561; 1 White & Tudor Lead. Eq. Cases, 225; 2 Wendall, 482.)

No brief for appellee.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1874, Mary Stubbins, as principal, and appellant and appellee sureties, gave to Robinson their promissory note for $1,824.20, upon which, in 1875, he recovered a judgment which the defendants replevied in the office, W. H. Payne being their surety in the bond, but afterward released by operation of law.

February 23, 1876, in consideration of $100 paid, and his promissory note for the balance then due on the replevin bond payable one day after date, Robinson, in writing indorsed thereon, assigned the replevin bond to appellee, Mitchell, for his use and benefit without recourse.

August 16, 1877, an execution, indorsed for the use and benefit of Mitchell, was issued on the replevin bond which was staid by his order. Afterward, from notes placed in the hands of Mitchell by Mary Stubbins, the principal in the note, he realized at one time $74.11, and at another $1,616.62, which were credited on the replevin bond. And an execution, indorsed as before

mentioned, was levied upon the property of appellant, his co-surety, which, on October 27, 1879, was sold for the sum of $——.

This action was instituted by appellant, September, 1880, for the purpose of obtaining judgment setting aside the sale of his property under the execution, restoring the property to him, and perpetually enjoining Mitchell collecting or coercing any money from him on account of the replevin bond.

It was upon final trial of the action adjudged by the court that Mitchell had discharged the debt upon which he and appellant, Stubbins, were jointly bound, and had the right to have the execution upon the replevin bond indorsed for his benefit and to a levy and sale for one-half what he paid thereon. But the sale was set aside because it was made for a greater sum than was due from appellant to appellee. It was further adjudged that appellant had acquired a lien upon the property levied on and has the right to a writ of *venditiosis exponas*.

It is contended on this appeal that the note executed by appellee was not such a payment as entitles him to contribution from appellant, his co-surety; second, that appellee had no right to proceed against appellant for contribution, while Mary Stubbins had property subject to the debt; third, that the execution should have been quashed. It is further contended by counsel that inasmuch as the creditor, Robinson, some time after it was executed, surrendered the note to appellee without payment, the latter having in fact paid nothing, is not entitled to contribution from his co-surety.

In the case of Atkinson v. Stewart, 2 B. M., 348, it

was held, as had been previously decided in Robertson v. Maycey, 6 Dana, 101, that where a surety pays off a note by a note in part and money for the residue, and the principal be insolvent, such surety has a right to demand contribution from the other joint sureties, though the substituted note be not fully paid.

So it should be now considered settled, and, in our opinion, correctly settled, that, as between co-sureties, a discharge of their obligation by the acceptance in lieu of it, by the creditor, of the note of one of them must be deemed a payment in money, in the meaning of the statute.

In this case we think it clear that all had been paid by the principal in the note that could be coerced from her by process of law, and she was insolvent when appellee caused the execution upon the replevin bond to be levied on the property of appellant to satisfy his one-half of the debt then unpaid.

The creditor, Robinson, not only accepted from appellee $100 in money and his note for the residue of his debt, but assigned and transferred the replevin bond to him, thus placing it out of his power thereafter to coerce the payment of the replevin bond from the parties to it, which was equivalent to a payment and discharge of it by appellee.

The note given by appellee to Robinson is shown by the evidence to have been executed at the suggestion of the latter, and in good faith, and with the intention and expectation on the part of appellee to pay it, as he was legally bound to do.

But a short time before the death of Robinson he delivered the note to appellee, and, as stated by appel-

lee, in consideration of their long friendship made him. a present of it. It is, however, stated by a witness that on one occasion he heard a conversation between appellee and Robinson, in which the former promised to pay back to Robinson's wife if living, and if not, to his estate, whatever he, appellee, might collect of the original debt. But whether Robinson gave him the note absolutely, or made the payment of it conditional upon his collecting the original debt, makes no difference. The question is whether appellee has lost his right to contribution merely because Robinson has seen proper, through his friendship, to make the payment of the note conditional or to give it up absolutely.

It seems to us that appellee having, by the payment of $100 and the execution of the note, divested Robinson of all interest in the replevin bond and the right to coerce satisfaction of it, and himself acquired by assignment the benefit of it, they might thereafter make whatever agreement as to the payment of the note they saw proper, and that if Robinson chose, from feelings of friendship, to either indulge appellee as to the time and amount of payment, or to release him altogether, appellant has no right to claim profit and advantage to himself on that account; nor to complain, for he neither paid to Robinson any part of what was originally due on the replevin bond, nor became bound in any manner to pay or contribute to the payment of the note given by appellee to Robinson.

It does not follow, as counsel contend, that because the sale ought to have been set aside for the reason stated in the judgment, the execution should have been quashed. The lien upon the property levied on still remained,

and the court properly adjudged appellee entitled to a writ of *venditio exponas.*

Judgment affirmed.

To a petition for a rehearing Judge LEWIS delivered the following response :

The payment by appellee, Mitchell, of $100 on the replevin bond, and the execution of his note to Robinson, the creditor, for the entire balance due was, in the meaning of section 9, chapter 104, General Statutes, a payment, and entitled him to an assignment of the replevin bond. And as the legal effect of the transaction was to fully satisfy the plaintiff, such assignment gave to appellee "the right to sue out or use any existing execution or otherwise control the judgment for his own benefit, against the other defendants, so far as to obtain satisfaction from the principal for the whole amount so paid by the surety, with interest, or from a co-surety his proper part of such payment."

There is nothing in the record showing or tending to show that the payment and execution of the note by appellee was not in good faith, for he became legally bound for the entire debt, and Robinson had the right to coerce from him the payment. Certainly appellant has no right to complain, inasmuch as he was thereby released absolutely from the payment of one-half the replevin bond.

As appellee became, in the first instance, liable to Robinson on the note, the payment of which he alone assumed and which Robinson might at his will have

coerced, we do not perceive upon what principle of equity appellant can claim the benefit of a subsequent agreement between them whereby, for a consideration that he did not contribute any part of nor was in any way connected with, appellee was released in whole or part. Appellee's responsibility had been increased and his attitude had been changed by the payment of the $100 and the execution of the note, and as appellant was not jointly bound with him on the note, he was not entitled to the benefit of any abatement Robinson saw proper to make, or even a release of the entire amount.

The insolvency of the principal, Mary Stubbins, is distinctly alleged in appellee's answer, and, so far from being denied, is in effect admitted in appellant's reply.

Petition overruled.